ODOM, Justice.
 

 Plaintiffs, alleging that they own certain undivided interests in a small tract of land, brought the present suit to have the land partitioned by licitation, alleging that the land was not susceptible of partition in kind. They alleged that they acquired their respective interests in the land by inheritance. Their allegations negative the idea that they have recorded titles to the land which they claim. They specifically allege that “said land is vacant and unoccupied”. They prayed for judgment “fixing their respective shares in said land and ordering a partition of the same”.
 

 Defendants excepted to the petition on the ground that it set out no cause of action, the basis of the exception being that, as the land is vacant and in possession of no one, the only method by which plaintiffs may establish title is to proceed under Act No. 38 of 1908, and that said act applies only to cases where parties have recorded titles.
 

 The exception was sustained, and plaintiffs’ suit was dismissed.
 

 The identical point here involved was decided in the case of Long et al. v. Chailan et al., 187 La. 507, 175 So. 42, 49, where this court held that: “Our conclu
 
 *1013
 
 sion on this subject is that, where the plaintiff in a suit under the provisions of Act No. 38 of 1908 claims title by inheritance, nothing more in the form of a recorded title can be required of him than that the title which his ancestor had, and which the plaintiff inherited, is a recorded title. This interpretation is not only reasonable but is necessary to avoid an absurd consequence.”
 

 This decision disposes of defendants’ main contention. It was handed down on May 24, 1937, only a short time before the judgment in the case at bar was rendered in the district court. It was stated by counsel for appellees in his argument before this court that the trial judge had not read the opinion in the Long v. Chailan case. Evidently he had not; otherwise he would not have sustained the exception.
 

 The land involved was acquired by Gos-per Hortman from the United States government on December 4, 1860, and patent therefor was issued on July 1, 1861, which patent was duly recorded. At that time, Gosper Hortman was married. His wife died about 1875, and these plaintiffs claim their interest in the land by inheritance, not from Gosper Hortman, but from his wife. Counsel for appellees argues, first, that there is nothing in the record to show that Gosper Hortman and his wife were living together under the community regime; and second, that, even if it be conceded that they were and that the property acquired from the government during the marriage fell into the community, the wife, from whom plaintiffs claim to inherit, had no recorded title.
 

 There is no merit in these suggestions. Article 2399 of the Revised Civil Code provides that: “Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary.”
 

 In Van Wickle v. Violet, 30 La.Ann. 1106, it was held that the community is presumed to exist until the contrary is shown. Plaintiffs may rely upon this presumption.
 

 Article 2405 of the Revised Civil Code reads as follows: “At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited.”
 

 In Rocques v. Freeman, 125 La. 60, 51 So. 68, 69, it was held that
 
 courts
 
 are safe in acting upon the presumption, established by Article 2405 of the Revised Civil Code, to thé effect that all property possessed by either spouse at the dissolution of the community “is presumed to belong to the community”.
 

 Here the property involved stood in the name of Gosper Hortman, who had recorded title from the government. At the time the property was acquired, he was married, and the presumption is that he and his wife were living together in community. The property stood in his name when the community was dissolved by the death of the wife in 1875. The property is therefore presumed to have been community
 
 *1015
 
 property. The recorded title which Gosper Hortman had in his name inured to the benefit of his wife as well as to himself. It follows that, the husband having a recorded title, the wife had recorded title also.
 

 For the reasons assigned, the judgment appealed from is reversed and set aside, the exception of no cause of action is overruled, and it is now ordered that the case be remanded to the district court and reinstated on the docket, to be proceeded with according to law; all costs to be paid by the appellees.